J. Robert Lynch, J.
The plaintiff, without allegations of special injury and solely as a resident freeholder and taxpayer of the defendant Village of Ilion, seeks a declaratory judgment that certain acts of the village taken alone and in concert with the other defendants, are invalid, illegal and void. The village and State of New York now move to dismiss the complaint asserting among a number of grounds the lack of the plaintiff’s capacity to sue.
The plaintiff’s own statement of the purpose of his complaint is set forth in his memorandum of law. He “ contends that the unilateral blanket guarantee by the Village of the obligations of the Ilion Urban Renewal Agency, as contained in the ‘ letter of consent ’ quoted at length in the complaint is unauthorized, and void, on general principles of municipal law, and in addition expressly violates a restriction and prohibition on such a guarantee contained in the General Municipal Law, the subdivision being quoted being Subd. 3 of Section 503 of the General Municipal Law, relating directly to an attempted guarantee of obligations of an Urban Renewal Agency.”
*417 “ The plaintiff’s contention reduces itself simply to the proposition that the Village of Ilion merely ignored this provision of law expressly relating to such guarantee and that the letter of consent is void, and should be so adjudicated and declared by this court.”
The complaint also makes similar allegations about a ‘ ‘ grant in aid contract ” and seeks a similar declaration.
The plaintiff has assumed that the moving parties rely on St. Clair v. Yonkers Raceway (13 N Y 2d 72, decided July, 1963) as determining his lack of capacity to sue. fie argues that St. Clair is distinguishable and that he is given capacity by Matter of Policemen’s Benevolent Assn. v. Board of Trustees of Vil. of Croton-on-Hudson (21 A D 2d 693, decided May, 1964). In fact, the moving parties rely on Matter of Donohue v. Cornelius (17 N Y 2d 390, decided June, 1966).
St. Clair was an action for a declaratory judgment brought by a citizen taxpayer whom the court found lacked the capacity to challenge the validity of an act of the State Legislature not having been personally aggrieved. “ We rest it upon reasons deeply rooted in the constitutional divisions of authority in our system of Government and the impropriety of judicial interpretations of law at the instance of those who show no more than a mere possible injury to the public.” (St. Clair v. Yonkers Raceway, 13 N Y 2d 72, 77.)
In the Policemen’s Benevolent Assn. case a citizen taxpayer was permitted to bring an article 78 proceeding to declare the invalidity of a local law enacted by the respondent village. The court distinguished St. Clair by saying that it involved an attack on a State statute, not a municipal ordinance; that the acts challenged were those of State officials, not municipal officials; that it was a taxpayer’s action, not an article 78 proceeding; that it involved a State official’s conduct in fiscal matters, not the conduct of municipal officials in nonfiscal matters. In short, the court construed St. Clair to be restricted to its own facts.
We cannot impose this same restriction because such a narrow construction of St. Clair has been expressly rejected in Matter of Donohue v. Cornelius (17 N Y 2d 390). ‘ ‘ While it is true that St. Clair involved a challenge to a legislative act, not an executive act, and that St. Clair was a proceeding for declaratory judgment, not an article 78 proceeding, the rule of law with which we are dealing is too broad to be so easily distinguished. It is a rule of law designed to prevent courts from giving judicial interpretations of legislative acts or executive rulings in the absence of injury or threatened injury to one’s personal rights ” (p. 397).
*418 While the rule expressly covers either ‘1 legislative acts or executive rulings ”, is it intended to cover these actions in governmental bodies lower than the State level ? The answer is obvious since the court in Matter of Donohue specifically approved Doolittle v. Supervisors of Broome County (18 N. Y. 155) where the target was an act of a county Board of Supervisors.
The complaint must be dismissed for lack of capacity in the plaintiff to bring suit. We find it unnecessary to rule upon the other grounds asserted.